# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SPECIAL COUNSEL
EX REL. DEBBIE WHITE,
        Petitioner,

      v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
CB-1208-17-0002-U-2

DATE: November 18, 2016

## THIS STAY ORDER IS NONPRECEDENTIAL[*]

Lisa Powell, Esquire, Oakland, California, for the petitioner.

Bradley R. Hansen, Esquire, and Sandra K. Whittington, Esquire, Fort Lee,
    Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### ORDER ON STAY REQUEST

Pursuant to 5 U.S.C. § 1214(b)(1)(B), the Office of Special Counsel (OSC) requests a 30-day extension of the previously granted stay of the agency's action

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

demoting Debbie White.  For the reasons discussed below, OSC's request is GRANTED, and the stay is extended through December 20, 2016.

## BACKGROUND

¶2        On October 7, 2016, Member Mark A. Robbins granted OSC's initial request for a 45-day stay of Ms. White's demotion.  *Special Counsel ex rel. Debbie White v. Department of Defense*, MSPB Docket No. CB-1208-17-0002-U-1, Stay Request File (SRF), Tab 1.    On November 1, 2016, OSC filed a timely request to extend the stay for an additional 30 days.  *Special Counsel ex rel. Debbie White v. Department of Defense*, MSPB Docket No. CB-1208-17-0002-U-2, Stay Request Extension File (SREF), Tab 1.  OSC indicates that the agency consents to the extension.  *Id.*  The agency has not filed a response to OSC's request for an extension of the stay.

## ANALYSIS

¶3        A stay granted pursuant to 5 U.S.C. § 1214(b)(1) is issued to maintain the status quo ante while OSC and the agency involved resolve the disputed matter. *Special Counsel v. Department of Transportation*, 74 M.S.P.R. 155, 157 (1997). The purpose of the stay is to minimize the consequences of an alleged prohibited personnel practice.  *Id.*  In evaluating a request for an extension of a stay, the Board will review the record in the light most favorable to OSC and will grant a stay extension request if OSC's prohibited personnel practice claim is not clearly unreasonable.  *Id.* at 158.  The Board may grant the extension for any period of time that it considers appropriate.  5 U.S.C. § 1214(b)(1)(B); *Special Counsel ex rel. Waddell v. Department of Justice*, 105 M.S.P.R. 208, ¶ 3 (2007).

¶4        In its initial stay request, OSC alleged that Ms. White, a commissary employee, disclosed to a department manager what she believed, based on her own observations, was a theft of commissary property by the store director and another commissary manager; that she anonymously reported the matter to the agency's Fraud, Waste, and Abuse hotline; and that she also reported it to her

first-line supervisor, to the West Area Deputy Director, and finally to the Zone Manager to whom she had been referred. SRF, Tab 1. Shortly thereafter, the store director began a wide-ranging investigation of Ms. White, recommending that she be removed or demoted, and seeking to determine, by asking other employees, whether she was the source of the fraud tip. Subsequently, the store director proposed Ms. White's demotion for Conduct Unbecoming a Federal Supervisor, and she was demoted from her GS-8 position to the part-time position of Cashier, GS-3. *Id.* As noted, OSC sought a stay of the demotion, which Member Robbins granted for a period of 45 days.

¶5        In its request for a stay extension, OSC asserts that it is working diligently to complete its investigation, having interviewed more than 20 witnesses, and that the agency is assisting in scheduling interviews and in providing documents, which OSC must review as they are produced. SREF, Tab 1 at 2-3. Once OSC completes its investigation, it may need additional time to evaluate and pursue the matter, as appropriate. *Id.* at 3. OSC represents that there has been no material change in the evidentiary record during the stay. *Id.* at 1. Under the specific circumstances of this case, including the limited length of the extension request, the fact that OSC represents that the agency consents to the extension and that the agency does not disagree with that representation, and in light of the fact that the evidentiary record supporting OSC's initial stay request has not changed since Member Robbins granted the initial stay, we find it appropriate to extend the stay until December 20, 2016. *See Special Counsel ex rel. Waddell*, 103 M.S.P.R. 372, ¶ 5 (2006).

## ORDER

¶6        Pursuant to 5 U.S.C. § 1214(b)(1)(B), a 30-day extension of the stay is hereby GRANTED. It is hereby ORDERED that:

      (1) The terms and conditions of the stay issued on October 7, 2016, are
            extended through and including December 20, 2016;

(2) Within 5 working days of this Order, the agency shall submit evidence to the Clerk of the Board showing that it has complied with this Order; and

(3) Any request for a further extension of the stay pursuant to 5 U.S.C. § 1214(b)(1)(B) must be received by the Clerk of the Board and the agency, together with any evidentiary support, on or before December 5, 2016.  *See* 5 C.F.R. § 1201.26(b).  Any comments on such a request that the agency wishes the Board to consider pursuant to 5 U.S.C. § 1214(b)(1)(C) must be received by the Clerk of the Board, together with any evidentiary support, on or before December 12, 2016.  *See* 5 C.F.R. § 1201.136(b).

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.